| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock St., Rm. 256<br>Denver, CO 80202<br>(720) 865-8301 | DATE FILED: October 1, 2014 3:22 PM<br>FILING ID: A084D52D95061<br>CASE NUMBER: 2014CV33779 |
| Plaintiff:  SHAWNDEE AGUILAR, an individual; BRYAN AGUILAR, an individual<br><br>v.<br><br>Defendant:  ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois corporation. | **COURT USE ONLY** |
| Attorney for Plaintiff<br>David O. Hansen, Reg. #29363<br>Kumpf Charsley & Hansen, LLC<br>9635 Maroon Circle, Suite #230<br>Englewood, CO 80112<br>Telephone:  (720) 473-8000<br>Fax :  1-866-557-1561 (Toll-Free)<br>dhansen@kch-law.com | Case Number:<br><br><br><br>Division<br>Courtroom |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiffs Shawndee Lamorie and Bryan Aguilar (collectively "Plaintiffs"), by and through their counsel, Kumpf Charsley & Hansen, LLC, and as their Complaint and Jury Demand against Defendant Allstate Fire and Casualty Insurance Company state as follows:

### THE PARTIES

1.      At all times relevant to this *Complaint*, Plaintiff Shawndee Aguilar (individually "Mrs. Aguilar") was a resident of the State of Colorado, County of Denver.

2.      At all times relevant to this *Complaint*, Plaintiff Bryan Aguilar (individually "Mr. Aguilar") was a resident of the State of Colorado, County of Denver.

3.      Defendant is an insurance company doing business in the state of Colorado with its principal place of business in Northbrook, Illinois.  Defendant is engaged in business in Colorado as a foreign corporation.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter at issue because this is a civil action for damages and/or equitable relief. Colo. Const. Art. VI, § 9(1).

5.     This Court has personal jurisdiction over the Defendant because: (a) it engaged in business in the State of Colorado at times material to this action; (b) it purposefully availed itself of the rights and privileges of the State of Colorado at times material to this action; and/or (c) it committed tortious or other wrongful acts and omissions described below, with resulting injury, damages, loss or other consequences in the State of Colorado.  To the extent that the Defendant is not a resident of the State of Colorado, this Court has "long-arm" jurisdiction pursuant to C.R.S. § 13-1-124(1).

6.     Pursuant to C.R.C.P. 98(c), venue is proper in Denver County because:  (a) the underlying incident and injury which is the subject of this action occurred in Denver County; (b) to the extent that the Defendant is deemed to be an out of state Defendant, this is the County designated in the *Complaint*; (c) some of the agreements that are the subject of this action were entered into, performed and/or breached in Denver County; and/or (d) some of the tortious or other wrongful conduct described elsewhere in this *Complaint* occurred in and/or had consequences and caused injury, damages, or losses in Denver County.

## GENERAL ALLEGATIONS

7.     On December 22, 2013, Plaintiffs were restrained passengers in a 2006 Chevy Colorado LS model pick up. The vehicle was driven by Mr. Aguilar.

8.      Plaintiffs drove southbound on Platte River Drive in Denver, Colorado. When Plaintiffs reached intersection of Platte River Drive and Mississippi Avenue, Mr. Aguilar proceeded through the green light.  Without warning, their vehicle was t-boned on the driver's side by a 2000 Saturn SL driven by Jose Montes, who failed to stop at the traffic signal. Mr. Montes was traveling at an estimated rate of 45-50 miles per hour.

9.     The force of the collision caused Plaintiffs' vehicle to spin, striking the light pole on the southwest corner of the intersection.  The vehicle then ricocheted off the light pole, traveled across Mississippi Avenue, and came to rest on the north side of the street.

10.     Police officers from the Denver Police Department issued a citation to Mr. Montes for violation of C.R.S. §42-4-1402(1)-Careless Driving.

11.     Plaintiffs later learned that Mr. Montes was driving an uninsured vehicle.

12.     As a result of the collision, Mrs. Aguilar sustained bodily injuries including, without limitation, thoracic strain, cervical strain, lumbar strain, lumbago, muscle spasms, and radiculitis.

13.     As a result her injuries, Mrs. Aguilar has been forced to incur medical bills for treatment in the amount to be proved at trial.

14.     As a result of her injuries, Mrs. Aguilar was incapable of attending work and suffered lost wages in the amount to be proved at trial.

15.     As a result of the collision, Mr. Aguilar sustained bodily injuries including, without limitation, cervicalgia, thoracic spine pain, open nose wound, head abrasion, and facial laceration.

16.     As a result his injuries, Mr. Aguilar has been forced to incur medical bills for treatment in the amount to be proved at trial.

17.     As a result of his injuries, Mr. Aguilar was incapable of attending work and suffered lost wages in the amount to be proved at trial.

18.     At all times relevant to this action, Plaintiffs had an automobile uninsured/underinsured insurance policy issued by Allstate Fire and Casualty Insurance Company that covered bodily injury.

19.     Plaintiffs attempted to negotiate a fair settlement with Defendant for the costs associated with the collision. However, Defendant refused to pay Plaintiffs the fair and reasonable amount of the benefits owed under the bodily injury benefits portion of the uninsured insurance policy.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

20.     Plaintiffs incorporate Paragraphs 1-19 as if more fully set forth herein.

21.     Plaintiffs' insurance policy with Allstate Fire and Casualty Insurance Company constituted a contract for insurance.

22.     Plaintiffs complied with all conditions precedent to coverage under the insurance policy issued by Defendant for which Plaintiffs were insured.

23.     To the extent that Plaintiffs failed to comply with any contractual obligations, Defendant has not been prejudiced by the failure to comply.

24.     Defendant breached its insurance contract with Plaintiffs by failing to timely pay Plaintiffs' claims for damages to which they are entitled under the insurance policy.

25.     As a direct and approximate result of Defendant's breach of contract, Plaintiffs have incurred damages in the amount to be proved at the time of trial.

## SECOND CLAIM FOR RELIEF
## (BAD FAITH BREACH OF INSURANCE CONTRACT)

26.     Plaintiffs incorporate Paragraphs 1-25 as if more fully set forth herein.

27.     Defendant owed Plaintiffs a duty of good faith and fair dealing when handling their claim for uninsured motorist benefits.

28.     Defendant has breached its duty of good faith and fair dealing owed to Plaintiffs, by taking the following actions, without limitation:

    a.     Failing to give equal consideration to the interests of Plaintiffs, its insureds;

    b.     When investigating Plaintiffs' claims, failing to diligently search for evidence which supported Plaintiffs' claims;

    c.     Seeking to discover only evidence that defeated Plaintiffs' claim;

    d.     Unreasonably delaying and withholding benefits under the insurance policy with knowledge or reckless disregard of a lack of reasonable basis;

    e.     Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

    f.     Refusing to pay claims without conducting a reasonable investigation based upon all available evidence;

    g.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the claim after its liability had become reasonably clear;

    h.     Compelling Plaintiffs to institute litigation to recover amounts due under the insurance policy;

    i.     Forcing Plaintiffs into the costly and lengthy process of litigation;

    j.     Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of Plaintiffs' claim; and,

    k.     Any further acts which may be discovered in the course of these proceedings.

29.     Defendant either knew such conduct was unreasonable or recklessly disregarded the unreasonableness of its conduct.

30.     As a direct and proximate result of Defendant's bad faith breach of insurance contract, Plaintiffs have sustained damages in the amount to be proved at the time of trial.

## THIRD CLAIM FOR RELIEF
## (VIOLATION OF C.R.S. § 10-3-1115(1)(a) AND C.R.S. § 10-3-1116(a))

31.     Plaintiffs incorporate Paragraphs 1-30 as if more fully set forth herein.

32.     Colorado statute, § 10-3-1115, C.R.S., forbids an insurer from unreasonably denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

33.    Plaintiffs are first-party claimants under § 10-3-1115, C.R.S.

34.    Defendant is a insurer under § 10-3-1115, C.R.S.

35.    Defendant has denied and delayed Plaintiffs' claims for uninsured motorist benefits without a reasonable basis within the meaning of § 10-3-1115, C.R.S.

36.    Colorado statute § 10-3-1116(1), C.R.S., provides that a first-party claimant whose claim has been unreasonably denied by an insurer may bring an action in a Colorado district court to recover  reasonable attorneys fees, court costs, and two times the covered benefit.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.  For economic and non-economic damages in amounts to be proved at time of trial;

B.  For lost wages in the amount to be proved at time of trial;

C.  For two times the covered benefit, pursuant to statute;

D.  For attorneys fees, costs, and expenses incurred herein, pursuant to statute;

E.  For all pre- and post-judgment interest permitted by law; and

F.  For such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE**

Respectfully submitted this 1st day of October, 2014,

KUMPF CHARSLEY & HANSEN, L.L.C.
*Signature on file at the office of Kumpf Charsley & Hansen, LLC*
*/s/ David O. Hansen*
David O. Hansen, Esq.
*Attorney for Plaintiff*

Address of Plaintiff
Shawndee Lamorie
Bryan Aguilar
4021 W. Eastman Ave.
Denver, CO 80236